1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. GONZALEZ, | Case No. 1:23-cv-00904-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| B.M. TRATE, | (ECF No. 9) |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

## I.

## BACKGROUND

Petitioner is a federal prisoner currently housed at the United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 1.)[1] On June 15, 2023, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. (ECF No. 1.) Therein, Petitioner alleges that he, and others housed at USP Atwater, is being denied adequate programming, healthy diet, hot meals, fresh air, leisure or recreational activities, and access to the courts due to constant institutional lockdowns allegedly for lack of security staff. (Id. at 2.) Petitioner "seeks

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 injunctive relief order compelling the warden (respondent) to staff its facilities and operate the
2 industries as normal as possible and release inmates to normal programming and activities.
3 Otherwise, classify these pleadings as a class action seeking monetary damages and redress."
4 (ECF No. 1 at 3.)

5      On October 31, 2023, Respondent filed a motion to dismiss, arguing that the petition
6 should be dismissed for failure to exhaust administrative remedies and because Petitioner has not
7 established that the drastic and extraordinary remedy under § 1361 is warranted. (ECF No. 9.) To
8 date, no opposition or statement of opposition has been filed, and the time for doing so has
9 passed.

10 **II.**

11 **DISCUSSION**

12      The federal mandamus statute provides: "The district courts shall have original
13 jurisdiction of any action in the nature of mandamus to compel an officer or employee of the
14 United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.
15 The Supreme Court has "repeatedly has observed that the writ of mandamus is an extraordinary
16 remedy, to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas
17 Corp., 485 U.S. 271, 289 (1988).

18      The Ninth Circuit has held:

19     Mandamus relief is only available to compel an officer of the United States to
20     perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the
    officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no
21     other adequate remedy is available.

22 Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal quotation and citations omitted).
23 "Accordingly, to establish his entitlement to mandamus-type relief, [Petitioner] ha[s] to plead
24 that these three requirements [a]re met." Plaskett v. Wormuth, 18 F.4th 1072, 1081 (9th Cir.
25 2021). "Consistent with the limitations that traditionally governed the common-law writ of
26 mandamus, an action under § 1361 is thus 'intended to provide a remedy for a plaintiff only if he
27 has *exhausted all other avenues of relief* . . . .'" Id. (emphasis added) (quoting Heckler v. Ringer,
28 466 U.S. 602, 616 (1984)). See Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v.

Sweeney, 932 F.3d 1207, 1216 (9th Cir. 2019) ("Relatedly, the 'well established' doctrine of administrative remedies 'provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" (footnote omitted) (quoting Woodford v. Ngo, 548 U.S. 81, 88–89 (2006))).

Here, "the matters that are the subject of this Petition have not been administratively grieved through any of the three levels" of the Federal Bureau of Prisons administrative remedy procedure. (ECF No. 9-1 at 3.) Accordingly, the Court finds that Petitioner has not satisfied the third requirement of mandamus relief that no other adequate remedy is available.[2] See Kildare v. Saenz, 325 F.3d 1078, 1084–85 (9th Cir. 2003) ("We hold that Appellants do not meet the third requirement [for mandamus relief under § 1361] because administrative review could correct the individual errors alleged by Appellants. Thus, there is an adequate alternative remedy."); Agua Caliente, 932 F.3d at 1216 n.7, 1219 ("[W]e conclude there is an available, unexhausted administrative remedy" and "the Cupeño must exhaust administrative remedies, and until they do so, they are not entitled to [mandamus] relief" under § 1361).

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED; and

2. The petition for writ of mandamus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

---

[2] "[W]hile there are some doctrinal exceptions to administrative exhaustion," Agua Caliente, 932 F.3d at 1219, the Court finds the petition's perfunctory statement that "[a]dministrative remedies are all but dead upon arrival and no one to answer" does not establish that the futility exception to the exhaustion requirement applies. Moreover, Petitioner did not file any opposition to the motion to dismiss that could have expounded on the purported futility of exhausting administrative remedies.

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE