# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>    Respondent. | Case No. 1:23-cv-00904-JLT-SAB-HC<br><br>ORDER VACATING FEBRUARY 5, 2024 FINDINGS AND RECOMMENDATION<br><br>(ECF No. 11)<br><br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 9) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

**I.**

**BACKGROUND**

Petitioner is a federal prisoner currently housed at the United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 1.) On June 15, 2023, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. (ECF No. 1.) Therein, Petitioner alleges that he, and others housed at USP Atwater, is being denied adequate programming, healthy diet, hot meals, fresh air, leisure or recreational activities, and access to the courts due to constant institutional lockdowns allegedly for lack of security staff. (Id. at 2.[1]) Petitioner "seeks

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1 injunctive relief order compelling the warden (respondent) to staff its facilities and operate the
2 industries as normal as possible and release inmates to normal programming and activities.
3 Otherwise, classify these pleadings as a class action seeking monetary damages and redress."
4 (ECF No. 1 at 3.)

5 On October 31, 2023, Respondent filed a motion to dismiss, arguing that the petition
6 should be dismissed for failure to exhaust administrative remedies and because Petitioner has not
7 established that the drastic and extraordinary remedy under § 1361 is warranted. (ECF No. 9.)
8 No opposition or statement of non-opposition had been filed, and on February 5, 2024, the Court
9 issued findings and recommendation to grant Respondent's motion to dismiss. (ECF No. 11.) On
10 March 7, 2024, Petitioner filed objections, informing the Court that he never received
11 Respondent's motion to dismiss. (ECF No. 12.) Accordingly, the Court mailed Petitioner a copy
12 of the motion and granted him an opportunity to file a response. (ECF No. 13.) On April 15,
13 2024, Petitioner filed an opposition to the motion to dismiss. (ECF No. 14.)

## II.

## DISCUSSION

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Supreme Court has "repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988).

The Ninth Circuit has held:

> Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.

Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal quotation and citations omitted). "Accordingly, to establish his entitlement to mandamus-type relief, [Petitioner] ha[s] to plead that these three requirements [a]re met." Plaskett v. Wormuth, 18 F.4th 1072, 1081 (9th Cir.

2

2021). "Even if the test is met, the district court still retains the discretion to deny relief." Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003) (citing R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)).

"Consistent with the limitations that traditionally governed the common-law writ of mandamus, an action under § 1361 is thus 'intended to provide a remedy for a plaintiff only if he has *exhausted all other avenues of relief . . . .*'" Id. (emphasis added) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). See Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney, 932 F.3d 1207, 1216 (9th Cir. 2019) ("Relatedly, the 'well established' doctrine of administrative remedies 'provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" (footnote omitted) (quoting Woodford v. Ngo, 548 U.S. 81, 88–89 (2006))).

Here, "the matters that are the subject of this Petition have not been administratively grieved through any of the three levels" of the Federal Bureau of Prisons administrative remedy procedure. (ECF No. 9-1 at 3.) Accordingly, the Court finds that Petitioner has not satisfied the third requirement for mandamus relief that no other adequate remedy is available. See Kildare v. Saenz, 325 F.3d 1078, 1084–85 (9th Cir. 2003) ("We hold that Appellants do not meet the third requirement [for mandamus relief under § 1361] because administrative review could correct the individual errors alleged by Appellants. Thus, there is an adequate alternative remedy."); Agua Caliente, 932 F.3d at 1216 n.7, 1219 ("[W]e conclude there is an available, unexhausted administrative remedy" and "the Cupeño must exhaust administrative remedies, and until they do so, they are not entitled to [mandamus] relief" under § 1361).

"[W]hile there are some doctrinal exceptions to administrative exhaustion," such as futility, Agua Caliente, 932 F.3d at 1219, the Court finds the petition's perfunctory statement that "[a]dministrative remedies are all but dead upon arrival and no one to answer" does not establish that the futility exception to exhaustion applies. In the opposition, Petitioner contends that "an administrative remedy is futile and/or both unavailable where the agency has a backlog of unanswered grievances and takes months or up to a year to exhaust[.]" (ECF No. 14 at 4.) Petitioner alleges that "[i]t takes weeks to obtain a copy of the required BP-08 informal form

3

then weeks to find a counselor to accept and register the BP-08 then months for a basic response. The BP-9 is likewise an ordeal to process and the Regional Director has a 2 year backlog to respond." (ECF No. 14 at 4–5.) However, Petitioner does not provide any documentation to support these allegations and it does not appear that Petitioner has even attempted to administratively grieve his claims at all.

With respect to the second requirement for mandamus relief, "[a]n agency 'ministerial act' for purposes of mandamus relief has been defined as a clear, non-discretionary agency obligation to take a specific affirmative action, which obligation is positively commanded and 'so plainly prescribed as to be free from doubt.'" Independence Min. Co. v. Babbitt, 105 F.3d 502, 508 (9th Cir. 1997) (quoting Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir. 1986)). "Congress delegated to the BOP the duty to manage and regulate all federal penal and correctional institutions" in 18 U.S.C. § 4042. Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011). "18 U.S.C. § 4042 . . . outlines federal prison officials' general duty of care toward inmates, but does not prescribe a specific course of conduct that leaves 'no room for choice or judgment.'" Barian v. United States, 728 F. App'x 703, 705 (9th Cir. 2018) (quoting United States v. Gaubert, 499 U.S. 315, 324 (1991)). In the context of the Federal Tort Claims Act ("FTCA"),[2] the United States District Court for the Central District of California "reviewed the relevant policies related to inmate and custody management and has not found any policies mandating specific staffing levels. Rather, the policies appear to reflect that the Prison retains discretion regarding staffing in the units, consistent with Section 4042." McDaniels v. United States of America, No. 5:14-cv-02594-VBF-JDE, 2018 WL 7501292, at *13 (C.D. Cal. 2018).

Here, Petitioner "seeks injunctive relief order compelling the warden (respondent) to staff its facilities and operate the industries as normal as possible and release inmates to normal

---

[2] "The FTCA is the exclusive remedy for tortious conduct by the United States," FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998), but the "liability of the United States under the FTCA is subject to the various exceptions contained in § 2680, including the 'discretionary function' exception," United States v. Gaubert, 499 U.S. 315, 322 (1991). "The exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice[.]'" Gaubert, 499 U.S. at 322 (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" Gaubert, 499 U.S. at 322 (quoting Berkovitz, 486 U.S. at 536).

4

programming and activities." (ECF No. 1 at 3.) However, as set forth above, staffing level determinations are not ministerial, and generally, the BOP has broad discretion in managing day-to-day operations and administration. See Thornburgh v. Abbott, 490 U.S. 401, 407–08 (1989) ("Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators[.]"); Turner v. Safley, 482 U.S. 78, 89 (1987) ("[P]rison administrators . . . , and not the courts, [are] to make the difficult judgments concerning institutional operations." (second alteration in original) (quotation marks and citation omitted)); Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Accordingly, the Court finds that that Petitioner has not satisfied the second requirement of mandamus relief.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED; and
2. The petition for writ of mandamus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 14, 2024**__

UNITED STATES MAGISTRATE JUDGE